Finke v Fiore (2024 NY Slip Op 51183(U))

[*1]

Finke v Fiore

2024 NY Slip Op 51183(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2022-234 W C

William T. Finke, Respondent,
against
Catherine Fiore, Appellant. 

Legal Services of the Hudson Valley (Mary Grace Ferone of counsel), for appellant.
George J. Calcagnini, for respondent.

Appeal from an order of the Justice Court of the Town of Lewisboro, Westchester County (John A. Pappalardo, J.), dated March 10, 2022. The order, insofar as appealed from as limited by the brief, denied the branch of tenant's motion seeking to vacate the warrant of eviction, and, in effect, the underlying stipulation of settlement and final judgment in a holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of tenant's motion seeking to vacate the warrant of eviction, and, in effect, the underlying stipulation of settlement and final judgment is granted. 
In this residential holdover proceeding to recover possession of an unregulated apartment and seeking rental arrears, the parties entered into an open-court stipulation on September 27, 2021 in which they agreed, among other things, to the entry of a final judgment of possession and the issuance of a warrant of eviction if tenant did not vacate by December 31, 2021. It is undisputed that, at the time of the September 27, 2021 court appearance, tenant had a pending application for rental assistance with the Emergency Rental Assistance Program (ERAP) (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, as amended by L 2021, ch 417, § 2, part A), and [*2]the parties agreed that landlord would retain any ERAP payments that might be made. A final judgment of possession was entered in January 2022 and the warrant was issued thereafter. In March 2022, after tenant's ERAP application was approved, tenant moved to, among other things, vacate the warrant of eviction and, in effect, the stipulation and final judgment, on the ground that she could not be evicted for 12 months after landlord received the first ERAP payment (see L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 9 [2] [d], as amended by L 2021, ch 417, § 2, part A, § 5). In an order dated March 10, 2022, the Justice Court denied tenant's motion. 
The ERAP statute specifies that "in any pending eviction proceeding, whether filed prior to, on, or after the effective date of this act, against a household who has applied or subsequently applies for benefits under this program . . . to cover all or part of the arrears claimed by the petitioner, all proceedings shall be stayed pending a determination of eligibility" (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 8, as amended by L 2021, ch 417, § 4, part A). On September 27, 2021, when the parties appeared in court and entered into the stipulation, tenant's ERAP application was already pending and therefore there was "a stay . . . in effect by operation of law, which stay [would] only expire upon the Office of Temporary and Disability Assistance's determination of the ERAP application" (Avalonbay Communities, Inc. v Dukes, 78 Misc 3d 134[A], 2023 NY Slip Op 50453[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; see Tzifil Realty Corp. v Rona, 80 Misc 3d 126[A], 2023 NY Slip Op 50882[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; Youngstar Irrevocable Trust v Paetz, 78 Misc 3d 135[A], 2023 NY Slip Op 50464[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). Under the circumstances presented, the Justice Court should have vacated the stipulation, the final judgment, and the warrant. 
Accordingly, the order, insofar as appealed from, is reversed and the branch of tenant's motion seeking to vacate the warrant of eviction, and, in effect, the underlying stipulation of settlement and final judgment is granted.
McCORMACK, J.P., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024